UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  06-61055-CIV-MORENO**

SPECIAL  PURPOSE  ACCOUNTS
RECEIVABLE  COOPERATIVE
CORPORATION and CANADIAN IMPERIAL
BANK OF COMMERCE,

       Plaintiffs,

vs.

PRIME ONE CAPITAL COMPANY, L.L.C.,
SIGNATURE AUTOMOTIVE GROUP, INC.,
THOMAS BORZILLERI, individually, MINDEE
BORZILLERI,  individually,  12530-4  CORP.,
12540-5 CORP., CAPITAL TRUST CO. OF
DELAWARE, as Trustee of 2004 BORZILLERI
IRREVOCABLE  DELAWARE  FAMILY
TRUST,  and  2004  BORZILLERI
IRREVOCABLE  DELAWARE  FAMILY
TRUST,

       Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE came before the Court upon Defendant Capital Trust Co. of Delaware's

Motion to Dismiss Complaint **(D.E. No. 30)**, filed on **November 24, 2006** and Defendants' Prime

One Capital Company LLC ("Prime One"), Signature Automotive Group, Inc. ("Signature"), Thomas

Borzilleri ("Borzilleri"), Mindee Borzilleri ("M. Borzilleri"), 12530-4 Corp., 12540-5 Corp. and 2004

Borzilleri Irrevocable Delaware Family Trust's ("Borzilleri Trust") Motion to Dismiss Complaint

**(D.E. No. 32)**, filed on **November 24, 2006**.

THE COURT has considered the motions, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are **DENIED**.

## I.  BACKGROUND

On August 29, 2003, Plaintiffs obtained a judgment against Defendants Prime One, Signature and Thomas Borzilleri (collectively, the "Initial Defendants") for conversion and tortious interference in the case *Special Purpose Accounts Receivable Cooperative Corp. and Canadian Imperial Bank of Commerce v. Prime One Capital Company, LLC, Signature Automotive Group, Inc., and Thomas Borzilleri*, Case No. 00-06410-CIV-MARRA (the "Initial Action") in the amount of $28,436,763.04.  Subsequently, on March 3, 2004, Plaintiffs obtained a cost judgment against the Initial Defendants in the amount of $172,077.78.  In their Complaint, Plaintiffs' allege that prior to and during the pendency of the Initial Action, Defendant Borzilleri, acting in his individual capacity and acting through Initial Defendants Prime One and Signature, embarked on a scheme to transfer and convert assets with the actual intent to hinder, delay or defraud Plaintiffs.

Defendant Prime One was a limited liability company with its principal place of business in Coral Springs, Florida, that was owned and controlled by Defendant Borzilleri.  In the Complaint, Plaintiffs identify two transfers made by Prime One to Borzilleri in July 2002, while the Initial Action was underway.   Plaintiff alleges that these transfers were made without any consideration to Prime One, but rather were made solely to enrich Borzilleri.

Defendant Signature was a Florida corporation with its principal place of business in Coral Springs, Florida, and was also controlled directly by Defendant Borzilleri.  Plaintiffs identify two

transfers made by Signature from February 2003 through August 2003, shortly before the

Judgment was entered in the Initial Action.   Plaintiffs allege that these transfers were the

culmination of a process that began during the pendency of the Initial Action to strip Signature of

valuable assets which would otherwise have been available to its creditors.

Plaintiffs next describe a series of transfers involving the acquisition of certain real

property in Coral Springs, Florida, defined as the "Borzilleri Property Transfers."  In July of 2002,

Borzilleri created two new companies, Defendant 12530-4 Corp. and Defendant 12540-5 Corp.

Plaintiffs allege that Borzilleri then used these companies in a complex scheme whereby he caused

Signature to assign over its deposit receipt, purchase contract, and other interest in two Coral

Springs properties to 12530-4 Corp. and 12540-5 Corp. Plaintiffs further describe how Borzilleri

caused the sum of $1,497,151.15 to be conveyed to the closing agent with respect to the

acquisition of these two Coral Springs properties.   Plaintiffs allege the source of the money used

in this property transfer was, in part, the money obtained by Borzilleri from Prime One in the

transfer described *supra*.

Another portion of the funds exchanged in the Borzilleri property transfer allegedly came

from another series of transfers, this time between Aeroplan Partners, LLC and AeroPlan Capital,

two other Borzilleri owned and controlled entities.   Plaintiffs claim that Borzilleri caused

Aeroplan Partners to transfer $500,000 to AeroPlan Capital which in turn transferred $300,000 to

Prime One, prior to Prime One's subsequent transfer to Borzilleri, described *supra*.  The

remaining $200,000 were transferred directly to Borzilleri and were subsequently used to fund the

property transfers.  Plaintiffs maintain that these transfers were made without any consideration

and were made solely to further reduce the pool of assets of all Initial Defendants.  Accordingly,

Plaintiffs maintain that this is further evidence of Borzilleri's scheme to strip the Initial Defendants of assets that might be reached by their legitimate creditors, including Plaintiffs.

Both 12530-4 Corp. and 12540-5 Corp. are Florida corporations that are jointly owned by Borzilleri and his wife, Mindee Borzilleri.   Plaintiffs allege that the transfers made to these two newly created corporations were made for the primary purpose of defeating Plaintiff's ability to collect upon any judgment in the Initial Action by taking advantage of Florida's tenancy-by-the-entirety immunity.  Specifically, Plaintiffs maintain that Borzilleri fraudulently attempted to convert non-exempt assets into exempt assets in order to frustrate Plaintiffs ability to collect by devising this joint ownership.

Lastly, on November 24, 2003, Defendant 12540-5 Corp. sold the Coral Springs property it received as part of the Borzilleri Property Transfers for approximately $1,025,000.   A portion of the proceeds of the sale was used as the trust res to establish the Borzilleri Trust, on or about February 5, 2004.   Plaintiffs allege that the Borzilleri Trust is not a good faith transferee that took for value.  Plaintiffs maintain that although Defendant Capital Trust is the Trustee for the Defendant Borzilleri Trust, Borzilleri himself is the compensated Investment Advisor for the Borzilleri Trust and indirectly controls the trust res through his management of the web of companies nominally owned by the Trust.

Accordingly, on **July 14, 2007** Plaintiffs filed this Action against Defendants.  Defendants then filed Motions to Dismiss **(D.E. Nos. 30 & 32)** and Plaintiffs filed their Response **(D.E. No. 36)** on **January 5, 2007**.  Defendants filed a Reply **(D.E. Nos. 39 & 40)** on **January 17, 2007** and the Court gave leave for Plaintiffs to file a Sur-Reply **(D.E. No. 43)** which they filed on **March 7, 2007**.

## II.  LEGAL STANDARD

A court will not grant a motion to dismiss unless the plaintiff fails to allege any facts that would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986).  When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).  Furthermore, the court must "evaluate all inferences derived from those facts in the light most favorable to the plaintiff." *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346, 1359 (S.D. Fla. 2000).

## III.  ANALYSIS

In their thirteen count Complaint, Plaintiffs assert claims of actual and constructive fraudulent transfer under Chapter 726 of the Florida Statutes.  Plaintiffs seek to recover from the various Defendants, all of whom are related or under common control, the transfers of property they received in an alleged effort by the Initial Defendants to frustrate the ability of Plaintiffs to collect on the Judgments.  Defendants now move to dismiss[1] the Complaint and essentially assert two arguments: (1) that Plaintiffs' Complaint should be dismissed for improper venue under Fla. Stat. § 737.203, and (2) that Plaintiffs fail to plead the elements of actual and constructive fraud with particularity pursuant to Fed. R. Civ. P. 9(b).

---

[1]On November 24, 2006, Defendants filed two Motions to Dismiss in this case.  Defendant Capital Trust Co. of Delaware filed a Motion to Dismiss (D.E. No. 30).  All remaining Defendants filed a second Motion to Dismiss (D.E. No. 32) whereby they incorporate by reference the arguments made in Defendant Capital Trust's Motion to Dismiss.  Although the Court is considering both Motions simultaneously in this Order, for purposes of clarity, the Court will distinguish between "Defendant Capital Trust" and all "remaining Defendants" when necessary.

**A.  It is unclear whether this is a proceeding under Fla. Stat. 737.201 such that venue is improper**

In Counts I - XII, Plaintiffs allege a series of violations under Fla. Stat. § 726.105(1), § 726.106(1), § 726.109 and §222.30 by Defendants Prime One, Signature, Borzilleri and Mindee Borzilleri.  In Count XIII of the Complaint, Plaintiffs allege that the Borzilleri Trust is a subsequent transferee in the alleged fraudulent transfer scheme under Fla. Stat. § 726.109 and as such, Plaintiffs seek to void the transfers made to the Borzilleri Trust.  Count XIII is the only Count that relates to Defendant Capital Trust and the Borzilleri Trust.

Defendant Capital Trust, as Trustee of the Borzilleri Trust, requests that the Court dismiss the action against them based on improper venue. They believe the proper venue for proceedings involving the Borzilleri Trust is Delaware pursuant to Fla. Stat. § 737.203 which states that

> Over the objection of a party, the court shall not entertain proceedings under s. 737.201 for a trust registered, or having its principal place of administration, in another state unless all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration. The court may condition a stay or dismissal of a proceeding under this section on the consent of any party to jurisdiction of the state where the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order.

The remaining Defendants incorporate Defendant Capital Trust's argument and maintain that the Court should apply this argument to **all** thirteen counts because "the Complaint alleges a trail of alleged fraudulent transfers that **ultimately purport to end with the Borzilleri Trust**." Defendants' Motion To Dismiss at 5.  Essentially, Defendants would like the Court to adopt the position that Counts I through XII all lead to the conclusive Count XIII and that because the transactions that Plaintiffs seek to avoid ultimately ended up in the Borzilleri Trust then Count XIII is the only Count the Court should consider and accordingly, the entire Complaint should be

dismissed.

The Court rejects this position and agrees with Plaintiffs that "[t]he mere fact that, of the eight Defendants in this action, the last recipient in the series of fraudulent transfers was the Borzilleri Trust – the tail wagging the dog – does not somehow convert this entire lawsuit and each of the 13 counts alleged against the eight Defendants into a matter involving the administration of the Delaware trust."   Plaintiffs' Response to Motion to Dismiss at 3.  Further, Defendants cite no legal authority in support of this proposition.  Hence, because the Court rejects the remaining Defendants' "tail wagging the dog" argument, the Court will only consider Defendant Capital Trust's improper venue argument pursuant to § 737.203, as it is inapplicable to the remaining Defendants.

To determine whether venue is proper under § 737.203, it is important to first determine whether this is a "proceeding[] under s. 737.201." Fla. Stat. § 737.203.  Fla. Stat. 737.201 explains that

> (1) The proceedings that may be maintained under this section are those concerning the administration and distribution of trusts, the declaration of rights, and the determination of any other matters involving trustees and beneficiaries of trusts. These include, but are not limited to, proceedings to:
> (a) Appoint or remove a trustee;
> (b) Review trustees' fees and to review and settle interim or final accounts;
> (c) Ascertain beneficiaries; determine any question arising in the administration or distribution of any trust, including questions of constru1\ction of trust instruments; instruct trustees; and determine the existence or nonexistence of any immunity, power, privilege, duty, or right.

Although, as Defendants point out, this statute is not exclusive, Defendants fail to point to any legal authority where a court has applied this statute in any context other than that between a trustee and the beneficiaries of a trust.  See *Meyer v. Meyer*, 931 So.2d 268 (Fla. 5th DCA 2006)

(action by trust beneficiary against trustee to compel distribution of trust assets; other beneficiaries intervened and sought to dismiss complaint on venue grounds); *Straub v. NationsBank*, 732 So.2d 48, 49 (Fla. 4th DCA 1999) (beneficiary brought action against co-trustees for improper conduct by trustees).  At this stage in the litigation, it is unclear whether or not this is a proceeding "concerning the administration or distribution" of the Borzilleri Trust, as intended by § 737.203.

Furthermore, even if the Court were to agree with Defendants that § 737.203 does apply, both Defendants and Plaintiffs agree that § 737.203 is not a jurisdictional bar.  *Meyer*, 931 So. 2d at 270.  The court in *Meyer* explained that § 737.203 "is more in the nature of a venue statute .... [and] does not seem to require the judge to dismiss a case, even after the statutory provision is invoked."  931 So. 2d at 270.  In fact, the evidence indicates that the "issue is essentially one of forum non conveniens in having litigation proceed in the most appropriate forum."  *Meyer,* 931 So. 2d at 270 (quoting *In re Estate of McMillian,* 603 So. 2d 685 (Fla. 1st DCA 1992) (quoting Unif. Probate Code § 7-203 cmt.; § 7-203 is materially similar to Fla. Stat. § 737.203)).

In Defendant Capital Trust's Reply In Support of Its Motion to Dismiss, Defendant raises new arguments regarding jurisdiction and choice of law that it did not raise in its initial Motion to Dismiss.  According to Local Rules for the Southern District of Florida, a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition ..." S.D. Fla. L.R. 7.1(C).  Consequently, although the Court will not bar Defendants from raising these issues, the Court will not consider these arguments at this Motion to Dismiss stage without having given all Parties the opportunity to respond thoroughly.

**B. Plaintiffs have satisfied the pleading requirements mandated by Fed. R. Civ. P. 9(b)**

Defendants contend that all thirteen counts in Plaintiffs' Complaint must be dismissed for failure to plead circumstances constituting fraud with particularity as required by Fed. R. Civ. P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). However, "Rule 9(b) must be read in conjunction with the liberal notice pleading standard of Fed. R. Civ. P. 8, which states that a pleading setting forth a claim for relief need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Flamenbaum v. Orient Lines, Inc.*, 2004 WLL 1773207, *6 (S.D. Fla. 2004); *see Brooks v. Blue Cross and Blue Shield of Florida, Inc* ., 116 F.3d 1364, 1371 (11th Cir.1997). Furthermore, "if the alleged fraud occurred over an extended period of time and the acts were numerous, the specificity requirements are applied less stringently." *MeterLogic*, 126 F. Supp. 2d at 1360-61. This relaxed requirement is used where strict application of Rule 9(b) could result in substantial unfairness to private litigants who could not possibly have detailed knowledge of all the circumstances surrounding the alleged fraud.

Counts I, II and III all allege fraudulent transfer under Fla. Stat. §726.105(1)(a) and Count X alleges fraudulent asset conversion under Fla. Stat. § 222.30. The Court agrees with Defendants that Rule 9(b) applies to these four counts. Nonetheless, the Court finds that Plaintiffs have satisfied the requirements of Rule 9(b) with respect to Counts I, II, III and X. Plaintiffs have sufficiently pleaded with particularity the dates and amounts of the alleged transfers and other circumstances indicating actual intent to hinder, delay or defraud. Furthermore,

Plaintiff correctly notes that "a plaintiff seeking to avoid the creation of tenancy-by-the-entireties property on the basis that the estate resulted from a fraudulent transfer 'must join both tenants in the proceedings.'" *Ellis Sarasota Bank & Trust Co. v. Nevins*, 409 So.2d 178, 180 (Fla.Dist.Ct.App.1982) (requiring joinder of the debtor's wife in proceedings "before an entireties account can be made available to answer for the judgment debts of one of the tenants individually").  Therefore, since Plaintiffs seek to avoid the allegedly fraudulent asset conversion involving 12530-4 Corp. and 12540-5 Corp., property held jointly by Defendant Borzilleri and his wife Mindee Borzilleri, Plaintiffs correctly included Defendant Mindee Borzilleri in Count X.

Counts IV thru IX allege constructive fraudulent transfer claims under Fla. Stat. § 726.105(1)(b) or § 726.106(1).  Defendants are correct in noting that courts are not in agreement as to whether Rule 9(b)'s particularity requirement applies to claims of constructive fraud.  However, this Court agrees with the logic that the court in *Enron* applied in finding that Rule 9(b)'s particularity requirement does not apply to claims of constructive fraud.  Rather, with respect to claims of constructive fraud, the "sole consideration should be whether, consistent with the requirements of Rule 8(a), the complaint gives the defendant sufficient notice to prepare an answer, frame discovery and defend against the charges." *In re White Metal Rolling & Stamping Corp.*, 222 B.R. 417, 429 (Bankr. S.D.N.Y. 1999) ("Although tagged with the title 'fraudulent,' fraud has nothing to do with the constructive fraudulent transfer claim.   The transaction is based on the transferor's financial condition and the sufficiency of the consideration provided by the transferee."); *see Sharp Int'l Corp. v. State Street Bank & Trust Co.*, 281 B.R. 506, 518 (Bankr. E.D.N.Y. 2002) ("The weight of authority holds that a claim for constructive fraudulent conveyance is not required to be pleaded with particularity under Fed. R. Civ. P. 9(b).")  As such,

this Court agrees with the district courts of New York in that Rule 9(b)'s particularity requirement does not apply to these claims of constructive fraud. Therefore, the Court finds that Plaintiffs have adequately plead these claims and have met their burden as it applies to the constructive fraud claims.

Lastly, Counts XI thru XIII allege avoidance of fraudulent transfer claims under Fla. Stat. § 726.109. Defendants once again urge the Court to adopt the position that Plaintiffs fail to meet the requirements of Rule 9(b). However, the Court finds that Rule 9(b)'s pleading requirement does not apply to claims regarding subsequent transferees under Fla. Stat. § 726.109.

Both Plaintiffs and Defendants direct the Court to language in *In re Chari* where the court held that

> "Although these claims of additional transactions are vague, the court understands the Trustee's limited ability to access information at the pleading stage and will not require the Trustee, "to include in [his] pleadings information only available from the defendants through discovery." *Board of Trustees v. Illinois Range, Inc.*, 186 F.R.D. 498, 503 (N.D.Ill.1999); *U.S. Trust Co. v. Raritan River Steel Co., Inc. (In re American Spring Bed Manufacturing Co.)*, 153 B.R. 365, 374 (Bankr.D.Mass.1993) (noting that less stringent requirements for pleading fraudulent transactions are appropriate in a bankruptcy proceeding involving a trustee suing a third party since essential facts would be solely within the knowledge of the defendants and the trustee would have to rely on second hand information to plead his case). For these reasons, the court will not grant the Milfords' motion to dismiss or motion for a more definite statement on the Trustee's speculative claims at this stage. However, after the passage of sufficient time for discovery, the court will require the Trustee to amend his complaint to include more specific averments of any additional relevant facts uncovered during discovery."

276 B.R. 206, 214 (S.D. Ohio 2002).

The Court agrees with the reasoning in *In re Chari* that limited access to information at the pleading stage should not hinder Plaintiff from bringing their claims against these alleged

-11-

subsequent transferees.   However, unlike the Court in *In re Chari*, the Court does not find it necessary to require Plaintiffs to amend their Complaint.   Rather, Plaintiffs have plead facts sufficient to support their claims under Fla. Stat. § 726.109.   Accordingly, it is

**ADJUDGED** that Defendant Capital Trust Co. of Delaware's Motion to Dismiss Complaint **(D.E. No. 30)** and Defendants' Prime One Capital Company LLC ("Prime One"), Signature Automotive Group, Inc. ("Signature"), Thomas Borzilleri ("Borzilleri"), Mindee Borzilleri ("M. Borzilleri"), 12530-4 Corp., 12540-5 Corp. and 2004 Borzilleri Irrevocable Delaware Family Trust's ("Borzilleri Trust") Motion to Dismiss Complaint **(D.E. No. 32)** are **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of September, 2007.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record